IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GEORGE LEE PARKS, III and
STERLING RAHEEM JULES                                                      PLAINTIFFS

v.                                                        CAUSE NO. 1:15cv276-LG-RHW

MAJOR EVAN HUBBARD, ET AL.                                              DEFENDANTS

ORDER REQUIRING SEPARATE COMPLAINTS

BEFORE THE COURT is the Complaint [1], filed August 27, 2015, by *pro se* Plaintiffs George Lee Parks, III and Sterling Raheem Jules alleging violations of their civil rights while they were incarcerated at the Harrison County Adult Detention Center. Plaintiffs also filed separate applications to proceed *in forma pauperis* [2, 3]. The Court is of the opinion that for the reasons set forth below, Plaintiffs must pursue separate complaints.

It is well settled that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). "[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his or her] personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). Meritorious claims may be obscured by the frivolous. Moreover, multi-plaintiff prisoner complaints present a variety of administrative and logistical problems not associated with other civil actions.

After the enactment of the Prison Litigation Reform Act of 1996, the Court implemented a number of procedures that facilitate the prison litigation process.

Permitting multi-plaintiff prisoner complaints would complicate those court procedures. For example, prisoner plaintiffs proceeding *in forma pauperis* are required to pay the full amount of the filing fee and costs. 28 U.S.C. § 1915(b)(1), (f)(2)(A). Prisoner plaintiffs who have, on three or more occasions, brought frivolous or malicious complaints or complaints which fail to state a claim, may not proceed *in forma pauperis*. 28 U.S.C. § 1915(g). These determinations must be made on a plaintiff by plaintiff and case by case basis.

For these and other such case management reasons, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the Court finds it appropriate to sever this matter into individual actions, one for each named Plaintiff. The instant case, civil action number 1:15cv276-LG-RHW, will be dismissed without prejudice. Upon assignment of individual case numbers and creation of separate cases, the Court will make further orders in each case, after conducting its review pursuant to 28 U.S.C. § 1915.

The Clerk of the Court will be directed to assign a new case number to each individual Plaintiff, and to file the present Complaint, as well as this Order, in each new case with a file date of today's date. The Clerk shall also file each Plaintiff's application to proceed *in forma pauperis* in his individual case.

The newly assigned case numbers shall be noted on the copy of the present Complaint and other documents filed in this case and they shall serve as the original documents in the severed actions. In the event the Court finds that common questions of law or fact exist in separate cases, the Court may then order

that those cases be consolidated, as provided in Federal Rule of Civil Procedure 42(a).

**IT IS THEREFORE ORDERED**:

(1) That civil action number 1:15cv276-LG-RHW shall be severed into two individual actions, one for each named Plaintiff;

(2) That the severed cases shall be captioned as follows:

George Lee Parks, III v. Major Evan Hubbard, et al.

Sterling Raheem Jules v. Major Evan Hubbard, et al.

(3) That the Clerk of Court is directed to assign individual civil action numbers to each of the severed cases;

(4) That the Clerk is directed to file the Complaint [1], Parks' application to proceed *in forma pauperis* [2], and this Order from civil action number 1:15cv276-LG-RHW, in the new case created for Parks;

(5) That the Clerk is directed to file the Complaint [1], Jules' application to proceed *in forma pauperis* [3], and this Order from civil action number 1:15cv276-LG-RHW, in the new case created for Jules; and

(6) That civil action number 1:15cv276-LG-RHW is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2015.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge